IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES SHEPPARD,

                Plaintiff,                ORDER

v.

                                          18-cv-896-wmc

PATTERSON, WATERMAN,
and NP MCARDLE,

                Defendants.

---

*Pro se* plaintiff Charles Sheppard, a prisoner at the Wisconsin Secure Program Facility ("WSPF"), is proceeding in this lawsuit pursuant to 42 U.S.C. § 1983. The Wisconsin Department of Justice has accepted service on behalf of all of the defendants except defendant Sandra McArdle and James Patterson. Because plaintiff paid the full $400 filing fee and is not proceeding in forma pauperis, 28 U.S.C. § 1915(d) does not require that the court effect service on plaintiff's behalf. Thus, on April 19, 2019, the court directed plaintiff to attempt to serve McArdle and Patterson on his own. (Dkt. #11.)

Plaintiff has now filed a letter requesting court assistance in completing service. (Dkt. #15.) Plaintiff represents that he has never had to serve defendants and does not understand how to proceed with service. Generally, a plaintiff who is not proceeding in forma pauperis under 28 U.S.C. § 1915 must accomplish service on his own by following one of the procedures outlined in the instructions provided by the court. However, since plaintiff has not yet received those instructions, the court will provide those instructions with this order and consider his request for court assistance in accomplishing service.

Under Rule 4(c)(3) of the Federal Rules of Civil Procedure, this court has the discretion to order that service be made by the United States Marshals Service, even

1

though plaintiff has paid the filing fee. *Koger v. Bryan*, 523 F.3d 789, 803 (7th Cir. 2008). However, because plaintiff has not requested to proceed in forma pauperis, it appears that he may have the ability to pay for the cost of service. The Marshals Service anticipates that the cost of serving defendant McArdle will be approximately $282, and Patterson will be approximately $413.14. Therefore, if plaintiff wishes the Marshals Service to serve the summons and complaint on both McArdle and Patterson, he must either (1) send a check payable to the U.S. Marshals Service for $695.14 or (2) file a motion for leave to proceed in forma pauperis, accompanied by a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint.

After the court either receives a check from plaintiff for $695.14 or a trust fund account statement showing that he is indigent, the court will order the Marshals Service to serve McArdle and Patterson. Alternatively, plaintiff may choose to accomplish service himself by following one of the procedures set forth in the attached instructions. If plaintiff remits a check in the amount of service for just one of those defendants, and makes no representation that he is attempting to serve the other defendant on his own, the court will infer that plaintiff intends to voluntarily dismiss his claims against the other defendant and dismiss that claim accordingly.

ORDER

IT IS ORDERED that:

1. Plaintiff Charles Sheppard may have until **August 8, 2019,** to accomplish service on Sandra McArdle and Patterson by one of the following three methods: (1) submit a check payable to the U.S. Marshals Service for $695.14; (2) file a

2

motion for leave to proceed *in forma pauperis* and a trust fund account statement with the court for the period beginning approximately **May 1, 2018, and ending November 1, 2018**; or (3) file proof of service as to defendant Sandra McArdle and James Patterson. If, by **August 8**, 2019, plaintiff fails to respond to this order, the court will dismiss his claims against McArdle and Patterson for his failure to serve them.

2. The clerk of court is directed to forward plaintiff a copy of the court's instructions for effecting service of process along with this order.

Entered this 11th day of July, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge