IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES SHEPPARD,

                      Plaintiff,                        ORDER

v.

                                                  18-cv-896-wmc

JAMES PATTERSON, JOLINDA
WATERMAN, and SANDRA MCARDLE,

                      Defendants.

---

*Pro se* plaintiff Charles Sheppard, a prisoner at the Wisconsin Secure Program Facility ("WSPF"), is proceeding in this lawsuit pursuant to 42 U.S.C. § 1983, on Eighth Amendment and state law claims related to multiple WSPF employees' decisions to abruptly terminate his medication. In the order granting Sheppard leave to proceed, the court denied him leave to proceed against any Doe defendants as follows:

> [A]s currently pled, the court cannot grant plaintiff leave to proceed against the John/Jane Doe HSU employee. To be fair, it is reasonable to infer that the failure by HSU staff to call plaintiff to the HSU to evaluate the severity of the symptoms he reported in his August 10 HSR, as well as the failure of HSU staff that examined him for other issues on August 13 and 14 to address his reported withdrawal symptoms, constituted deliberate indifference. The problem is that plaintiff does not specifically attribute these failures to any one nurse or staff member that the court could reasonably infer to be the "Doe HSU employee" he names as a defendant. As such, the court cannot reasonably infer that the Doe defendant was personally involved in his care, much less that this defendant responded with deliberate indifference to plaintiff's serious medical needs. To the extent plaintiff believes he may proceed against the HSU staff more generally, that belief is mistaken because "HSU staff" is not a "person" that may be sued under § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("A prison or department in a prison cannot be sued because it cannot accept service of the complaint."). Therefore, if plaintiff would like to proceed against any *individual* within the HSU, he should seek leave to file an amended complaint that alleges with precision which proposed Doe defendant (or defendants, if there were different HSU staff members handling his requests to be seen) did

what. Should plaintiff file such a proposed amended complaint, the court would promptly screen it as required by § 1915A.

(3/21/2019 Order (dkt. #6) 5-6.) On January 15, 2020, Sheppard filed a letter asking the clerk of court to substitute Karen Lee and Beth Edge for the Doe defendants in this lawsuit. (Dkt. #46.) However, Sheppard's letter does not satisfy the requirements of the court's March 21, 2019, order, since his letter does not include any allegations implicating either Lee or Edge in the events related to his claims in this lawsuit.

Accordingly, construing Sheppard's letter as a request to substitute Lee and Edge as the Doe defendants, that request is denied. However, the court will give Sheppard a brief extension of the January 17, 2020, deadline to file an amended complaint that both identifies the Doe defendants *and* includes specific allegations about their respective involvement in handling his requests for care. His new deadline is **January 31, 2020**. Upon receipt, the court will promptly screen any proposed amended complaint, as required by 28 U.S.C. § 1915A.

ORDER

IT IS ORDERED that:

1. Plaintiff Charles Sheppard's letter requesting that the court substitute Lee and Edge as Doe defendants is DENIED.

2. Sheppard's deadline to file an amended complaint that both (1) identifies the proposed Doe defendants and (2) provides factual allegations related to their alleged involvement the events outlined in his original complaint is extended to **January 31, 2020**

Entered this 16th day of January, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge