IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
-----

CHARLES SHEPPARD,

                Plaintiff,                        OPINION AND ORDER

    v.

                                                  18-cv-896-wmc

JAMES PATTERSON, JOLINDA
WATERMAN, and SANDRA MCARDLE,

                Defendants.
-----

*Pro se* plaintiff Charles Sheppard, a prisoner at the Wisconsin Secure Program Facility ("WSPF"), is proceeding in this lawsuit pursuant to 42 U.S.C. § 1983, on Eighth Amendment and state law claims related to multiple WSPF employees' decisions to abruptly terminate his medication and then fail to treat his withdrawal symptoms in August of 2018. Sheppard has filed two motions: (1) a motion to amend his complaint to proceed against two additional defendants, RN Beth Edge and RN Lee (dkt. #48), which will be granted and deemed a supplement to his complaint; and (2) a motion to depose defendants and for additional law library time (dkt. #45), which will be denied.

OPINION

I. **Motion to Amend (dkt. #48)**

Sheppard alleges that on August 13, 2018, he had a face-to-face encounter with defendant Edge, during which he was suffering extremely painful withdrawal symptoms, including stomach aches, excessive sweating, itching and headaches. He further alleges that Edge responded by instructing him to submit a Health Services Request ("HSR"), but when he responded that he had already submitted an HSR, Edge did not treat his

symptoms and instead read him his discharge instructions from a previous off-site surgeon.

As to RN Lee, Sheppard alleges that he spoke to her face-to-face on August 14, 2018, reporting that since his prescription had been terminated, he had been suffering extremely painful withdrawal symptoms. Lee allegedly asked him to rate his pain level, and when Sheppard reported a 9 out of 10, Lee responded by telling him to submit an HSR.

Drawing every inference in Sheppard's favor, it is reasonable to infer that both Edge and Lee responded to Sheppard's reported withdrawal symptoms with deliberate indifference. While each of them had the opportunity to assess the severity of his symptoms or taken steps to alleviate his pain, both of them instead instructed him to submit an HSR, leaving him in pain for no obvious legitimate reason. Accordingly, the court will grant Sheppard leave to proceed against Edge and Lee.

**II. Motion to Depose Defendants and for Access to the Law Library**

In this motion, Sheppard asks for permission to depose the defendants in this lawsuit and complains that he is not receiving adequate access to the law library and legal materials. Starting with his request to depose defendants, under Federal Rule of Civil Procedure 30(b)(3), depositions must be recorded and the party requesting the deposition must pay for the recording and transcripts. The court does not have funds to pay for prisoners to take depositions. Since Sheppard has not indicated that he is willing to pay to record the depositions he requests, the court is denying his request. Sheppard may renew this request if he is willing to pay the costs associated with taking defendants' depositions and provides an updated prisoner trust fund account statement verifying that

he had funds available for that purpose.

As for Sheppard's complaints about his access to resources necessary to litigate this case, Sheppard claims that he is in segregation and is being denied access to his legal work and the law library; the keyboard in the library prevents him from conducting research or writing legal documents; and staff at FLCI simply laughed at him when he complained. Defendant Jolinda Waterman responded with a declaration from FLCI employee Julie Dahm about Sheppard's use of the law library. Dahm confirms that Sheppard is being held in restrictive housing. However, she represents that: (1) Sheppard is not prohibited from possessing his legal materials, and actually has had two opportunities to retrieve his legal paperwork from the property department to keep with him in his cell; (2) Sheppard has the ability to sign up for law library time by filling out a request slip, but he has only been scheduled for one visit, which he refused to attend; (3) Sheppard visited the law library on December 29, 2019, which may have been when he tried to use the broken keyboard; (4) the keyboard was replaced on either January 2 or 3, 2020; (5) Sheppard visited the law library on January 5, 2020, but only stayed for 40 minutes out of his two-hour appointment; and (6) on January 7, 2020, Sheppard submitted an Interview/Information Request noting that the keyboard was working. (Dahm Decl. (dkt. #53) ¶¶ 5-17.) Sheppard does not dispute Dahm's representations about his access to the law library and his legal materials. These records, coupled with Sheppard's filings in this lawsuit thus far, do not suggest that Sheppard currently lacks adequate resources to litigate this case. Accordingly, Sheppard's motion is denied in full.

ORDER

IT IS ORDERED that:

1. Plaintiff Charles Sheppard's motion to amend his complaint (dkt. #48) is GRANTED.

2. Sheppard is GRANTED leave to proceed on Eighth Amendment deliberate indifference claims against defendants Beth Edge and Lee.

3. The Wisconsin Department of Justice may have until February 24, 2020 to inform the court whether they will accept service on behalf of Edge and Lee.

4. Plaintiff's motion to depose defendants and for additional law library time (dkt. #45) is DENIED.

Entered this 10th day of February, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge